**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| LAWRENCE RAYMOND DAISS, III, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-236 |
| v. | |
| ROBERT S.D. PACE, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion to Dismiss, (doc. 6), and Plaintiff's subsequently-filed Second Amended Complaint, (doc. 16).  On August 19, 2022, Plaintiff filed his initial Complaint alleging claims under the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act.  (Doc. 1-1, p. 3.)  On October 6, 2022, Defendant removed the case to this Court, (doc. 1), and Plaintiff subsequently filed an Amended Complaint, (doc. 5). Defendant filed a Motion to Dismiss, seeking dismissal of Plaintiff's claims for failure to state a claim, (doc. 6).  After briefing by both parties was completed, Plaintiff filed a Motion for Leave to File a Second Amended Complaint.  (Doc. 11.)  In its Order permitting Plaintiff to file a Second Amended Complaint, the Court directed Defendant to show cause why the pending Motion to Dismiss was not rendered moot—and thus subject to dismissal—by the Second Amended Complaint.  (Doc. 15, p. 2.)

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."  Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219

(11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). An amended complaint thus "renders [the original] of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial filing "bec[o]mes a legal nullity") To be sure, however, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, therefore, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

In his response to the Court's show cause directive, Defendant has conceded that the Second Amended Complaint "does not incorporate the prior original or first amended complaint [and therefore] has become the operative complaint, superseding the prior versions, and moot[ing] Defendant's motion to dismiss those prior versions." (Doc. 17, pp. 1–2.) The Court has reviewed Plaintiff's Second Amended Complaint and found no specific reference to, or adoption of, the allegations set forth in Plaintiff's prior pleading. (See doc. 16.) As such—and as Defendant has expressly acknowledged—Plaintiff's Second Amended Complaint is the sole operative pleading in this case and renders moot Defendant's Motion to Dismiss the original and amended complaints, (doc. 6). Moreover, mootness is particularly applicable here, where Defendant challenged the substance and legal sufficiency of Plaintiff's allegations and where Plaintiff directly responded to

at least some of those challenges in his Second Amended Complaint.  Accordingly, the Court

**DENIES as moot** Defendant's Motion to Dismiss.  (<u>Id.</u>)

       **SO ORDERED**, this 9th day of February, 2023.

                                                    _____

                                                  R. STAN BAKER
                                                  UNITED STATES DISTRICT JUDGE
                                                  SOUTHERN DISTRICT OF GEORGIA